**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

JEFFREY R. LEBLANC,

      Plaintiff,

v.                              Case No. 2:16-CV-10210

CITY OF KALAMAZOO,

      Defendant,

_____/

### ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)

This matter is before the Court on Plaintiff Jeffrey R LeBlanc's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan. Upon review of Plaintiff's case and his litigation history in the federal courts, this court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee when he filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d

1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Plaintiff did not submit the necessary $350.00 filing fee for a civil action; this court will thus construe his complaint as a request to proceed *in forma pauperis. See State Treasurer v. Garrison*, No. U.S.D.C. No. 2:08-CV-13018, 2008 WL 2831241, * 1 (E.D. Mich., July 21, 2008).

A review of federal court records indicates that Plaintiff has six prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See LeBlanc v. Moody,* No. 2:15-cv-10469 (E.D. Mich. Feb.18, 2015); *LeBlanc v. Schuette,* No. 2:15-cv-10555 (E.D. Mich. Feb. 17, 2015); *LeBlanc v. Kalamazoo County Sheriff,* No. 1:14-cv-305 (W.D. Mich. July 29, 2014); *LeBlanc v.State of Michigan,* No. 1:14-cv-552 (W.D. Mich. June 19, 2014); *LeBlanc v. Kalamazoo County Government,* No. 1:14-cv-308 (W.D. Mich. May 21, 2014); *LeBlanc v. State of Michigan,* No. 1:14-cv-237 (W.D. Mich. March 26, 2014). Plaintiff also had a prior complaint that was dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) because he was attempting to obtain monetary damages on a criminal conviction that had yet to be reversed or vacated. *LeBlanc v. Macomb Regional Facility,* No. 2:15-cv-10482 (E.D. Mich. Feb. 13, 2015). [1]

---

[1] A dismissal of a civil rights complaint pursuant to Heck v. Humphrey counts as a strike, for purposes of § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 373, n. 4 (6th Cir. 2007).

In addition, Plaintiff has been denied leave to proceed *in forma pauperis* numerous times under 28 U.S.C. § 1915(g), the "three-strikes" rule, based on these prior dismissals. *See LeBlanc v. Romanowksi*, U.S.D.C. No. 2:15-cv-10483 (E.D. Mich. March 2, 2015); *LeBlanc v. Atwood*, U.S.D.C. No. 2:15-cv-12021 (E.D. Mich. June 11, 2015); *LeBlanc v. Barber*, U.S.D.C. No. 2:15-cv-12023 (E.D. Mich. June 12, 2015); *LeBlanc v. Department of Corrections*, U.S.D.C. No. 2:15-cv-12025 (E.D. Mich. June 11, 2015); *LeBlanc v. Michigan State Police*, U.S.D.C. No. 2:15-cv-12026 (E.D. Mich. June 25, 2015); *LeBlanc v. Robert G. Cotton Correctional Facility*, U.S.D.C. No. 2:15-cv-12060 (E.D. Mich. June 12, 2015); *LeBlanc v. Lightvoet*, U.S.D.C. No. 2:15-cv-12127 (E.D. Mich. June 19, 2015); *LeBlanc v. Rivard*, U.S.D.C. No. 2:15-cv-12377 (E.D. Mich. July 21, 2015); *LeBlanc v. People of the State of Michigan*, U.S.D.C. No. 2:15-cv-12380 (E.D. Mich. July 15, 2015); *LeBlanc v. Duggan,* No. 4:15-cv-12600, 2015 WL 4886445 (E.D. Mich. Aug. 17, 2015); *LeBlanc v. People of the State of Michigan*, No. 1:15-cv-978, 2015 WL 7078646 (W.D. Mich. Oct. 7, 2015); *LeBlanc v. Haas,* No. 2:15-cv-13624, 2015 WL 6387484 (E.D. Mich. Oct. 22, 2015); *LeBlanc v. County of Kalamazoo,* No. 2:15-cv-181, 2015 WL 7923313 (W.D. Mich. Dec. 4, 2015); *LeBlanc v. People of the State of Michigan*, No. 2:15-cv-184, 2015 WL 7923624 (W.D. Mich. Dec. 4, 2015); *LeBlanc v. McDonough,* No. 2:15-cv-178, 2015 WL 8484409 (W.D. Mich. Dec. 8, 2015); *LeBlanc v. Sandin,* No. 2:15-cv-179, 2015 WL 8484422 (W.D. Mich. Dec. 8, 2015); *LeBlanc v. Kalamazoo County Sheriff,* No. 2:15-cv-183, 2015 WL 8484429 (W.D. Mich. Dec. 8, 2015); *LeBlanc v. Johnson,* No. 2:15-cv-177, 2015 WL 9306595 (W.D. Mich. Dec. 21, 2015).

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Plaintiff has had at least six prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. In addition, Plaintiff has subsequently been informed by numerous federal judges that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

Moreover, Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his six prior frivolity dismissals.[2] *Mulazim v. Michigan Dept. of*

---

[2]Indeed, in a recent letter submitted to the court, Plaintiff's further elaborations evince that his lawsuit is frivolous. He contend, "I am God and I have my memory back

4

*Corrections,* 28 Fed. App'x. 470, 472 (6th Cir. 2002).  Although Plaintiff claims that he is unlawfully incarcerated for an unspecified criminal conviction because the 8th District Court for the City of Kalamazoo, Michigan refused to appoint counsel for him, Plaintiff's challenges to the processes that lead to his criminal conviction "do not raise the danger of physical harm" so as to come within the imminent danger exception for § 1915(g). *See Childress v. Quisenberry,* 2:11–CV–12096, 2011 WL 5166433, * 2 (E.D. Mich. October 31, 2011).  The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 Fed. App'x. 560, 562 (6th Cir. 2011).  Plaintiff's allegations fail to show that there is any imminent danger that is contemporaneous with the filing of this complaint.

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g).  Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.   Accordingly,

IT IS ORDERED that Plaintiff's civil rights complaint [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. .§ 1915(g).

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 29, 2016

---

from Lucifer giving me amnesia.  Lucifer has been trying to kill me for years, I am only human but I cannot die.  I am unlawfully imprisoned[.] Lucifer had injected something in my brain before the incident that led to this unlawful imprisonment."  (Dkt. # 3, Pg. ID 8.)

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 29, 2016, by electronic and/or ordinary mail.

   S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522